UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------- x
JOSE HENRY GONZALEZ, Individually and on : ECF CASE
Behalf of All Other Persons Similarly Situated, :
: Case No.: CV 12-3465
Plaintiff, :
: CLASS AND COLLECTIVE ACTION
v. : COMPLAINT
:
AUTO-CHLOR SYSTEM OF NEW YORK CITY, : JURY TRIAL DEMANDED
INC., AUTO-CHLOR SYSTEM OF THE MID :
SOUTH, LLC and ABC CORPORATIONS #1-10, :
and JOHN DOES #1-10, Jointly and Severally, :
:
Defendants. :
---------------------------------------- x



COGAN, J.
SUMMONS ISSUED

## NATURE OF THE ACTION

1. Plaintiff Jose Henry Gonzalez ("Plaintiff Gonzalez") alleges on behalf of himself and other similarly situated current and former employees of the Defendants and those who elect to opt into this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are entitled to (i) unpaid wages from Defendants for overtime work for which they did not receive overtime premium pay, as required by law, and (ii) liquidated damages under the FLSA, 29 U.S.C. §§201 *et seq.*

2. Plaintiff further complains on behalf of himself, and a class of other similarly situated current and former employees of the Defendants, pursuant to Fed. R. Civ. P. 23, that they are entitled to (i) back wages from Defendants for overtime work for which they did not receive overtime premium pay, as required by the New York Labor Law ("NYLL") §§ 650 *et seq.*, including Part 142, § 142-2.2 ("Overtime Rate") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor under the Minimum Wage Act (Article 19 of the NYLL), (iii)

1

reimbursement for uniform-related expenses, and (iv) liquidated damages under the NYLL, as amended by the Wage Theft Prevention Act ("WTPA").

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's FLSA claims under 29 U.S.C. § 216(b).

4. Venue is proper in this district under 28 U.S.C. §1391(b).

5. This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

6. Plaintiff Gonzalez was, at all relevant times, an adult individual, residing in Maspeth, New York, County of Queens.

7. Upon information and belief, Defendant Auto-Chlor System of New York City, Inc. ("Auto-Chlor of New York") is a foreign corporation, organized and existing under the laws of the State of California, which is licensed to do business in the State of New York with a principal place of business at 1405 Commerce Avenue, Bronx, New York 10461.

8. Upon information and belief, Defendant Auto-Chlor System of the Mid South, LLC ("Auto-Chlor of Mid South") is a foreign corporation, organized and existing under the laws of the State of Delware, which is licensed to do business in the State of New York with a principal place of business at 1405 Commerce Avenue, Bronx, New York 10461.

9. Upon information and belief, ABC Corporations # 1-10 represent the other corporate Defendants, whose identities are presently unknown, that owned, operated and/or controlled the day-to-day operations and management, and that jointly employed Plaintiff and other similarly situated employees at all relevant times and acted intentionally and maliciously and are "employers" under the FLSA, 20 U.S.C. § 203(d), and the regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as the NYLL Section 2 and the regulations thereunder and are jointly and severally liable with the named Defendants.

10. Upon information and belief, John Does # 1-10 represent the officers, directors and/or managing agents of Defendants, whose identities are unknown at this time and who participated in the day-to-day operations of Defendants and acted intentionally and maliciously and are "employers" under the FLSA, 20 U.S.C. § 203(d), and the regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as the NYLL Section 2 and the regulations thereunder and are jointly and severally liable with the named Defendants.

11. Upon information and belief, Defendant Auto-Chlor of New York is an enterprise engaged in commerce or in the production of goods for commerce. Defendant Auto-Chlor of New York is engaged in commerce or in the production of goods for commerce, because, *inter alia*, it has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, its annual gross volume of business is at least $500,000.00.

12. Upon information and belief, Defendant Auto-Chlor of Mid South is an enterprise engaged in commerce or in the production of goods for commerce. Defendant

Auto-Chlor of Mid South is engaged in commerce or in the production of goods for commerce, because, *inter alia*, it has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, its annual gross volume of business is at least $500,000.00.

13. Each Defendant, either directly or indirectly, has hired and fired Plaintiff and other employees, controlled Plaintiff's work schedule and conditions of employment, determined the rate and method of his payment, and kept at least some records regarding his employment.

## COLLECTIVE ACTION ALLEGATIONS

14. Under 29 U.S.C. §207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons Defendants employed and are employing as technicians who install and repair dishwashing machines ("Technicians") at any time since July 13, 2006 (the statute of limitations is extended under equitable tolling) to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid overtime compensation at rates not less than one and one-half (1 ½) times the regular rate of pay for hours worked in excess of forty (40) per workweek (the "Collective Action Members").

15. This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, approximately forty (40) Collective Action Members exist during the Collective Action Period, most of whom would not be likely to

file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

16. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

17. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. No difficulty exists in the management of this action as a collective action.

18. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

    a.    whether the Defendants employed the Collective Action members within the meaning of the FLSA;

    b.    whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the Collective Action Members;

c. whether Defendants failed to post or keep posted a notice explaining minimum and/or overtime pay rights provided by the FLSA in any area where Plaintiff and the Collective Action Members were employed, violating 29 C.F.R. § 516.4;

d. what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

e. whether Defendants failed to pay the Collective Action Members overtime compensation for hours worked in excess of forty (40) hours per workweek, violating the FLSA and the regulations promulgated thereunder;

f. whether Defendants misclassified the Collective Action Members as exempt from overtime;

g. whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

h. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees;

i. whether Defendants should be enjoined from such violations of the FLSA in the future; and

j. whether the statute of limitations should be estopped or equitably tolled due to Defendants' statutory violations.

## CLASS ALLEGATIONS

19. Plaintiff sues on his own behalf and on behalf of a class of persons under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3).

20. Plaintiff brings his NYLL claims on behalf of all persons who Defendants are employing and have employed in the State of New York as Technicians at any time since July 13, 2006, to the entry of judgment in this case (the "Class Period"), who were non-exempt employees within the meaning of the NYLL and who were not paid overtime compensation at rates not less than one and one-half times (1 ½) the regular rate of pay for hours worked in excess of forty (40) per workweek, and who were not reimbursed for uniform-related expenses, violating the NYLL (the "Rule 23 Class Members").

21. The Rule 23 Class Members identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, approximately forty (40) Rule 23 Class Members exist during the Class Period.

22. Plaintiff's claims are typical of the claims of the Rule 23 Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

23. Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

24. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

25. Plaintiff has the same interest in this matter as all other members of the class and Plaintiff's claims are typical of the Rule 23 Class.

26. Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions solely affecting the individual Rule 23 Class Members, including but not limited to:

    a. whether the Defendants employed Plaintiff and the Rule 23 Class Members within the meaning of the NYLL;

    b. whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the Rule 23 Class Members;

    c. whether Defendants failed to post or keep posted a conspicuous notice explaining the minimum wages and overtime pay rights provided by the NYLL in any area where Plaintiff and the Rule 23 Class Members are or were employed, violating the NYLL;

    d. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

    e. whether Defendants failed and/or refused to pay Plaintiff and the Rule 23 Class Members premium pay for hours worked in excess of forty (40) hours per workweek within the meaning of the NYLL;

f. whether Defendants failed and/or refused to reimburse members of the Rule 23 Class for their uniform-related expenses, violating the NYLL;

g. whether Defendants failed to post the notice required by NYLL § 198-d;

h. whether Defendants misclassified Plaintiff and the Rule 23 Class Members as exempt from overtime;

i. whether Defendants are liable for all damages claimed hereunder, including but not limited to, interest, costs and disbursements and attorneys' fees; and

j. whether the Defendants should be enjoined from such violations of the NYLL in the future.

## STATEMENT OF FACTS

27. At all relevant times, upon information and belief, Defendant Auto-Chlor of New York and Defendant Auto-Chlor of Mid South (collectively "Auto-Chlor") provide dishwashing machine installation and repair services for customers throughout Bronx, New York, Long Island, New York and, upon information and belief, in Alabama, Arkansas, Arizona, California, Colorado, Connecticut, Florida, Georgia, Iowa, Illinois, Indiana, Kansas, Kentucky, Louisiana, Massachusetts, Maryland, Michigan, Missouri, Mississippi, North Carolina, Nebraska, New Jersey, New Mexico, Nevada, Ohio, Oklahoma, Oregon, South Carolina, Tennessee, Texas, Virginia, and Washington.

28. Defendants employed Plaintiff Gonzalez as a Technician from June 15, 2007 until January 2011.

29. As a Technician, the primary duties of Plaintiff Gonzalez and, upon information and belief, the Rule 23 Class and Collective Action Members involved on-site installation and repair of dishwashing machines.

30. Throughout the time Defendants employed Plaintiff Gonzalez and, upon information and belief, both before that time and continuing until today (the Class and Collective Action Period), Defendants have likewise employed other individuals like Plaintiff Gonzalez (the Rule 23 Class and Collective Action Members) in positions that required little skill and no capital investment, and their duties and responsibilities did not include any managerial responsibilities, or the exercise of independent judgment.

31. Plaintiff Gonzalez's regular work schedule included daily shifts from 8:00 a.m. to 8:00 p.m., five days per week, working sixty (60) plus hours per workweek.

32. Plaintiff Gonzalez began each shift by arriving at his assigned branch office in Jamaica, New York at 8:00 a.m. to pick up his assigned truck and to receive his work orders for the day, and he completed his shift by returning his truck and punching out at approximately 8:00 p.m.

33. During his regular schedule, Plaintiff Gonzalez "clocked-in" and "clocked-out" using paper time cards.

34. In addition to his regular work schedule, Plaintiff Gonzalez and other Technicians were assigned to be on-call once a week every four weeks, during which they had to be available twenty-four hours a day to respond to any customer call from Friday 8:00 p.m. to the following Friday at 8:00 a.m.

35. For the on-call work, Plaintiff Gonzalez and, upon information and belief, the Rule 23 Class and Collective Action Members did not clock in or clock out; their

hours were tracked from when the customer called to when the customer signed off on the invoice.

36. For the on-call work, Plaintiff Gonzalez and, upon information and belief, the Rule 23 Class and Collective Action Members were not compensated for the time involved driving from the customer's location to their home or to their next assignment.

37. Plaintiff Gonzalez is aware of at least five (5) Technicians who reported to the Jamaica Branch office and at least ten (10) who reported to the Long Island Branch.

38. Upon information and belief, a heavy turnover rate exists for the Technicians who Defendants employed.

39. During his employment with Defendant Auto-Chlor, Plaintiff Gonzalez complained to Sam Villanueva, Branch Manager, about not being paid for all of the overtime hours he had worked.

40. The trucks that Auto-Chlor provides its Technicians weigh less than 10,000 pounds.

41. Defendants classified Plaintiff Gonzalez and, upon information and belief, the Rule 23 Class and Collective Action Members as non-exempt for purposes of being entitled to overtime under the FLSA and NYLL.

42. Plaintiff Gonzalez and, upon information and belief, the Rule 23 Class and Collective Action Members regularly worked in excess of forty (40) hours per workweek.

43. Defendants did not pay Plaintiff Gonzalez and, upon information and belief, the Rule 23 Class and Collective Action Members premium pay of one and one-half (1 ½) times their regular rate of pay for each hour they worked in excess of forty (40).

44. While Plaintiff Gonzalez and, upon information and belief, the Rule 23 Class and Collective Action Members regularly worked sixty (60) hours or more per workweek, Defendants regularly did not pay them for at least ten (10) of hour work per workweek.

45. Defendants paid Plaintiff Gonzalez and, upon information and belief, bi-weekly.

46. Defendants required Plaintiff Gonzalez and, upon information and belief, the Rule 23 Class and Collective Action Members to wear a specific uniform, which includes Defendants' logo on it.

47. Upon information and belief, Defendants failed to pay Plaintiff and the Rule 23 Class Members an allowance for the care, maintenance and cleaning of their uniforms, which Defendants required them to wear during their employment for the Defendants.

48. Upon information and belief, the required uniforms that Plaintiff and the Rule 23 Class Members had to purchase required ironing, dry cleaning and/or daily washing.

49. During his employment with Defendants, Defendants failed to post or keep posted a notice explaining minimum and/or overtime pay rights under the FLSA and NYLL in any area where Plaintiff and the Rule 23 and Collective Action Members were employed.

50. Throughout the Class and Collective Action Period, upon information and belief, Defendants failed to maintain accurate and sufficient time records.

## FIRST CAUSE OF ACTION

### FAIR LABOR STANDARDS ACT – UNPAID OVERTIME
(Brought on Behalf of Plaintiff and the Collective Action Members)

51. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs as if fully set forth herein.

52. At all relevant times, Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

53. At all relevant times, Defendants employed, and/or continue to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

54. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

55. Plaintiff consents in writing to be a party to this action under 29 U.S.C. §216(b). Plaintiff's written consent is attached hereto and incorporated by reference.

56. Defendants were required to pay Plaintiff and the Collective Action Members no less than one and one-half (1 ½) times the regular rate at which they were employed for all hours worked in excess of forty (40) hours in a workweek under the overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

57. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation to their employees for all of their hours worked in excess of forty (40) hours per workweek.

58. Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay the Collective Action Members overtime wages.

59. As a result of Defendants' failure to record, report, credit, and/or compensate Plaintiff and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

60. As a result of the Defendants' failure to record, report, credit and/or compensate their employees, including Plaintiff and the Collective Action members, the Defendants have failed to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

61. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies under 29 U.S.C. § 255 and should be equitably tolled for a six-year statute of limitations.

62. As a result of Defendants' violations of the FLSA, Plaintiff and the Collective Action Members have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation under 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

### NEW YORK LABOR LAW – UNPAID OVERTIME
(Brought on Behalf of Plaintiff and the Rule 23 Class Members)

63. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs as if fully set forth herein.

64. Defendants are employers within the meaning of NYLL §§ 190, 196-d, 651(5), 652 and supporting New York Statement Department of Labor Regulations and employed Plaintiff and the Rule 23 Class Members.

65. Under the NYLL and supporting New York Statement Department of Labor Regulations, Defendants were required to pay Plaintiff and the Rule 23 Class Members one and one-half (1 ½) times their regular rate of pay for all hours they worked in excess of forty (40).

66. Defendants failed to pay the Rule 23 Class Members the overtime wages to which they were entitled under the NYLL.

67. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay the Rule 23 Class Members the correct amount of overtime wages.

68. Due to Defendants' violations of the NYLL, Plaintiff and the Rule 23 Class Members are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest.

## THIRD CAUSE OF ACTION

## NEW YORK LABOR LAW – UNIFORM VIOLATIONS
(Brought on Behalf of Plaintiff and the Rule 23 Class Members)

69. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs as if fully set forth herein.

70. Defendants failed to pay Plaintiff and the Rule 23 Class Members the full amount of their wages as a result of deductions for uniform-related expenses, violating NYLL Article 6 § 193 and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. § 137-2.5.

71. Defendants required Plaintiff and the Rule 23 Class Members to wear a specific uniform while working.

72. Defendants failed to launder or maintain the uniforms that they required Plaintiff and the Rule 23 Class Members to wear and failed to pay them the required weekly amount for such laundering and maintenance.

73. Due to Defendants' violations of the NYLL, Plaintiff and the Rule 23 Class Members are entitled to recover from Defendants their unpaid uniform related expenses, statutory liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Rule 23 Class and Collective Action Members, respectfully requests that this Court grant the following relief:

a. Certification of this action as a class action under Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the Rule 23 Class Members and appointing Plaintiff Gonzalez and his counsel to represent the Rule 23 Class;

b. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice under 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue under 29 U.S.C. § 216(b) and appointing Plaintiff Gonzalez and his counsel to represent the Collective Action Members and tolling of the statute of limitations;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

d. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e. An award of unpaid overtime compensation under the FLSA and NYLL, and for reimbursement of uniform-related expenses under the NYLL;

f. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation under 29 U.S.C. § 216;

g.  An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation and for reimbursement of uniform-related expenses under the NYLL;

h.  Equitably tolling the statute of limitations under the FLSA;

i.  An award of prejudgment and post-judgment interest;

j.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

k.  Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all questions of fact the Complaint raises.

Dated: New York, New York
July 13, 2012

BRONSON LIPSKY LLP

By: _____
Douglas B. Lipsky (DL-9372)
630 Third Avenue, Fifth Floor
New York, New York 10017-6705
Phone: 212.392.4772
Fax: 212.444.1030
dl@bronsonlipsky.com

Jeffrey M. Gottlieb (JG-7905)
nyjg@aol.com
Dana L. Gottlieb (DG-6151)
danalgottlieb@aol.com
GOTTLIEB & ASSOCIATES
150 East 18th Street, Suite PHR
New York, New York 10003
Phone: 212.228.9795
Fax: 212.982.6284

*Attorneys for Plaintiff and the
Putative Class Members*

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Auto-Chlor System of New York City, Inc to pay me overtime wages as required under state and/or federal law and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_JG. /signature/_  6-21-2012    Jose Henry Gonzalez
Signature          Date         Print Name

# Auto-Chlor System of the Mid-South, LLC