**BRONSON LIPSKY** LLP
ATTORNEYS AT LAW

Douglas B. Lipsky

630 Third Avenue, Fifth Floor
New York, New York 10017
Main: 212.392.4772
Direct: 212.444.1024
Fax: 212.444.1030
dl@bronsonlipsky.com

www.bronsonlipsky.com

August 22, 2012

<u>VIA ECF</u>
The Honorable Brian M. Cogan, U.S.D.J.
U.S. District Court Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: <u>Gonzalez v. Auto-Chlor System of New York City, Inc., *et al.*,
     1:12-CV-3465 (BMC)</u>

Dear Judge Cogan:

  In anticipation of the September 6, 2012, 5:00 p.m., Fed. R. Civ. P. 16 Conference and pursuant to the Court's July 16, 2012 Order (Doc. No. 3), both parties jointly submit this letter to provide Your Honor with a brief description of the case, including factual, jurisdiction and legal basis for the claims and defenses, and any contemplated motions.

  <u>Plaintiff Jose Gonzalez's statement</u>: Defendants Auto-Chlor System of New York City, Inc. and Auto-Chlor System of the Mid South, LLC ("Defendants Auto-Chlor") own and operate a dishwashing machine repair and installation company that services customers throughout the State of New York and in thirty-two other states. Defendants Auto-Chlor employed Plaintiff Gonzalez as a technician from June 15, 2007 until January 2011. As a technician, he regularly worked sixty (60) plus hours per workweek, servicing and driving to and from Defendants Auto-Chlor's clients, and by driving to and from his assigned branch office. Defendants Auto-Chlor, however, regularly did not pay Plaintiff Gonzalez for at least ten (10) hours he worked per week. Defendants Auto-Chlor likewise did not reimburse Plaintiff Gonzalez for the cleaning and maintenance of the uniform that he was required to wear, which includes a company logo.

  As he knows that other technicians were similarly not paid for all hours worked nor reimbursed for their uniform maintenance payments, Plaintiff Gonzalez initiated this matter as a collective action under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 207, *et seq.* and under Fed. R. Civ. P. 23 for the New York Labor Law claims. The Class and Collective Action Complaint asserts three causes of action: (1) First Count

**BRONSON LIPSKY** LLP
ATTORNEYS AT LAW

(Unpaid overtime under the FLSA on behalf of Plaintiff Gonzalez and the Collective Action Members); (2) Second Count (Unpaid overtime under the NYLL on behalf of Plaintiff Gonzalez and the Rule 23 Class Members); and (3) Third Count (Unpaid Uniform Maintenance Payments under the NYLL on behalf of Plaintiff Gonzalez and the Rule 23 Class Members).

Plaintiff Gonzalez maintains that this Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction over the NYLL claim under 28 U.S.C § 1367. Additionally, this Court has jurisdiction over the FLSA claims under 28 U.S.C. § 216(b).

Plaintiff Gonzalez contemplates filing two motions: (1) a motion for conditional class certification for his FLSA claim and for Court-authorized notice of this matter to be distributed to the putative class members; and (2) a motion for class certification for his NYLL claims.

<u>Defendants Auto-Chlor's statement</u>: Defendants Auto-Chlor System of New York City, Inc. and Auto-Chlor System of the Mid South, LLC are franchises/dealerships of Auto-Chlor System, LLC. Auto-Chlor System of New York City, Inc. leases and services commercial dishwashing equipment in the five (5) boroughs, Long Island and Westchester, in addition to selling multiple different types of soap and other cleaning products to its customers. However, Auto-Chlor System of the Mid South, LLC does not operate in New York State, but rather, as indicated in its name, has a service area located in the Mid South. Similarly, Auto-Chlor System of the Mid South, LLC is not, and was not ever, an employer of the plaintiff, Jose Gonzalez, and was improperly named as a party to this action.

Plaintiff was employed as an Installer by defendant, Auto-Chlor System of New York City, Inc., from on or about June 4, 2007 until on or about January 20, 2011. It is important to note that these dates are "on or about" as the plaintiff quit his job on more than one occasion, often as a result of being asked to alter his working habits as a result of negative customer feedback, and was rehired each time (but the last) after he asked for his job back. During the period that he worked for Auto-Chlor System of New York City, Inc., plaintiff's regular rate of pay was (i) $16.50 per hour from June 4, 2007 through July 29, 2007; (ii) $17.00 per hour from July 30, 2007 through December 26, 2009; and (iii) $17.50 per hour from December 27, 2009 through January 20, 2011. Contrary to what is set forth in the Complaint, plaintiff and all other installers are, and have always been, compensated at a rate of one and one-half (1 ½) times his regular rate of pay for every hour he worked in excess of forty (40) hours in one week. Additionally, plaintiff and all installers have been paid for all compensable hours under the relevant statutory authority.

When plaintiff began working for defendant, Auto-Chlor System of New York City, Inc., he was provided with five (5) or (6) uniforms that were replaced as needed. While Auto-Chlor System, LLC has a uniform cleaning contract with Aramark Work Apparel and Uniform Services, it is respectfully submitted that, contrary to what is set

**BRONSON LIPSKY** LLP
ATTORNEYS AT LAW

Page 3 of 4
August 22, 2012

forth in the Complaint, there is simply no requirement under New York or Federal Law that plaintiff, or any of the installers, be reimbursed for the cleaning and maintenance of their uniforms as plaintiff, as well as the other installers, were and are all paid significantly more than the New York State and Federal minimum wage. See <u>Hai Ming Lu, et. al. v. Jing Fong Restaurant, Inc.</u>, 503 F.Supp2d 706, 712 (SDNY 2007) (***To be successful on a uniform allowance claim, plaintiffs must plead and prove that their cleaning costs reduced their wages to below minimum wage***); <u>Chan v. Triple 8 Palace, Inc.</u>, 2006 WL 851749, *22 (SDNY 2006) (***Uniform Allowance "only applies 'if the employees' expenditures for [uniform related maintenance] purposes would reduce their wages below minimum wage"***); <u>Ayres v. 127 Restaurant Corp.</u>, 12 F.Supp.2d 305 (SDNY 1998) ("***Both New York law and federal law require employers to compensate employees for the purchase and maintenance of required uniforms if the employees' expenditures for these purposes would reduce their wages to below minimum wage.***"); New York State Department of Labor, "Wages and Hours: Frequently Asked Questions", avail at: http://www.labor.state.ny.us/workerprotection/laborstandards/faq.shtm#1 (***Uniform requirement only applies if the worker is paid at the <u>minimum</u> wage rate or if "the cost of buying and/or taking care of a uniform" would "bring the employee below the minimum wage"***); Official Opinion Letter of the New York State Department of Labor, dated December 1, 2008, RO-08-0033, avail at: http://labor.ny.gov/legal/counsel/pdf/Uniforms/RO-08-0033.pdf (***Employer not required to reimburse employee for uniform requirements if the cost of purchasing and maintaining the required uniform "does not bring the employee's wages below the minimum wage for any workweek"***).

During the period that the plaintiff worked for the defendant, his regular schedule was Monday through Friday from 8:00 A.M. to 5:00 P.M., with a one (1) hour lunch break every day. In addition to his regular schedule, plaintiff was also required to be "on-call" for one (1) week out of every six (6) to eight (8) weeks in the event a customer needed their leased equipment serviced after hours. "On call" time was not spent in the workplace, but rather the "on call" installers were free to engage in their private activities while they were "on call" and were merely required to be a telephone call away to provide customer assistance. As the "on-call" Installers were generally leaving from and returning to their homes, all Installers, plaintiff included, were advised that they needed to record their "on-call" time from when the installer left his or her house until (s)he returned home and that the same needed to be reported to their supervisor at the end of his or her "on-call" week so that said hours could be included in payroll. Defendant, Auto-Chlor System of New York City, Inc., paid its employees for all reported "on-call" time even if the time reported was suspicious. More particularly, plaintiff was paid for all reported "on-call" time even though he always reported approximately 30% more "on-call" time than any other installer and even though management had very good reason to believe that plaintiff was padding his hours.

As noted above, plaintiff is well aware that he was paid overtime for all hours worked in excess of forty (40) hours in one (1) week as the same was clearly indicated on

the wage statement he received with each paycheck. Likewise, all non-exempt employees of Auto-Chlor are paid, and always have been paid, overtime consistent with all relevant statutory and precedential authority. Similarly, it is clear based upon the facts herein that there is also no merit to plaintiff's claim that defendants had any obligation to pay plaintiff an additional $8.90-$9.00 per week to clean his uniform as plaintiff was undisputedly paid more than double the relevant minimum wage and there can be no dispute that the cost to wash his uniforms did not cause his wages to fall below the minimum rate. Moreover, it is similarly respectfully submitted that the plaintiff has made no factual showing, beyond the bare allegations in the Complaint, that there are any other persons similarly situated to him. As such, a collective action is not warranted in this matter.

Defendants anticipate filing a motion to dismiss for failure to state a cause of action upon which relief may be granted and/or for summary judgment, in addition to a motion to decertify if class certification is granted.

Dated:  New York, New York
        August 22, 2012

Respectfully submitted,

BRONSON LIPSKY LLP

By:  s/ Douglas B. Lipsky
Douglas B. Lipsky
Bronson Lipsky LLP
630 Third Avenue, Fifth Floor
New York, New York 10112
Phone:  212.392.4772
Fax:  212.444.1030
dl@bronsonlipsky.com

Jeffrey M. Gottlieb
nyjg@aol.com
Dana L. Gottlieb
danalgottlieb@aol.com
Gottlieb & Associates
150 East 18th Street, Suite PHR
New York, New York 10003
Phone:  212.228.9795
Fax:  212.982.6284

*Attorneys for Plaintiff and the Putative Class Members*

Dated:  Garden City, New York
        August 22, 2012

Respectfully submitted,

WEINSTEIN, KAPLAN & COHEN, P.C.

By:  s/ Daniele D. De Voe
Daniele D. De Voe
Weinstein, Kaplan & Cohen, P.C.
1325 Franklin Avenue, Suite 210
Garden City, New York 11520
Phone:  516.877.2525
ddd@wkc-law.com

*Attorneys for Defendants*