UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOSE HENRY GONZALEZ,
Individually and on behalf of all
others similarly situated,

                      **AFFIDAVIT**

                Plaintiff,

              -against-                      Case No. 12-CV-3465 (BMC)

AUTO-CHLOR SYSTEM OF NEW YORK
CITY, INC., et. al.,

                Defendants.
-----------------------------------------------------------------X
STATE OF NEW YORK)
                    SS.:
COUNTY OF NASSAU)

      KEN WILLIAMS, being duly sworn, deposes and says:

      1.     I have worked for AUTO-CHLOR SYSTEM OF NEW YORK CITY, INC. (hereinafter "Auto-Chlor") for approximately 2 ½ years, or since May, 2010.

      2.     When I began working for Auto-Chlor, my title was Route Driver. My duties as a Route Driver was to provide routine maintenance of the customers' dishwashers, servicing dishwashers, selling products to customers, troubleshooting issues and establishing a relationship with the customer. My current position at Auto-Chlor is Route Driver and my job duties are the same.

      3.     The person who I reported to at Auto-Chlor when I first began and currently is Rich Dagastino, Route Supervisor. I also report to Ron Lacey, Branch Manager, and Mike Bugiada, Regional Manager.

      4.     When I began working for Auto-Chlor, I was provided with 5 uniforms, which consist of a button down shirt and slacks that have the Auto-Chlor logo on them.

5. Since we started using Aramark, I now have 9 uniforms. My uniforms are cleaned weekly by a company called Aramark. If my uniform gets ratty or torn, Auto-Chlor replaces my uniform through Aramark. I have never been charged for my uniform.

6. When I first started working for Auto-Chlor, I made $21.00 per hour, during my training period, plus time and a half for all hours worked over forty in one week. After my training period, I made $11.50 per hour and currently make $11.50 per hour, plus commission, plus time and a half for all hours worked over forty in one week.

7. As far as benefits go, Auto-Chlor is very generous. In addition to my regular rate of pay, I also receive full medical benefits, paid sick time, holidays and vacation time. Not only that, but I have a savings account with Auto-Chlor and 401(k) with Auto-Chlor. Auto-Chlor is also allowing me to participate in profit sharing.

8. In addition to my regular shift, I am also required to work "on call" on a rotation, which resulted in me working on call for one week out of approximately every 7-8 weeks or so, depending on how many people share my rotation.

9. When I am "on call", I am not required to be at work, but am allowed to do whatever I want so long as I am available a phone call away to respond to customer issues. When a customer reports an issue with their machine when I am "on call", I am notified and leave wherever I am to service the customer. I am compensated for my "on call" time by keeping time log of the time from when I leave my house, or current location, until I return home, or to my current location. At the end of my "on call" week, I record my time in the "on call" book at our office so that my "on call" time can be included in that week's payroll.

10. For the entire time that I have worked for Auto-Chlor, it has always been company policy that "on call" time is compensated from the time we leave our house until the time we return home, and everyone knows that. Everyone also knows that the reporting of our "on call" time is based upon the "honor system" and that our boss relies upon us to accurately report our time. I have always been paid for the time I have reported to my boss and that time has always included my travel time from my home to the customer's location and my travel time from the customer's location back home.

11. I have been told that the plaintiff in this case is claiming that the "on call" time is reported from the time we arrive at the customer's location until the time we leave the customer's location. That simply is not true and has not been the policy of Auto-Chlor at least as long as I have been here.

12. If I ever had a problem or question regarding my paycheck, I know that it is Auto-Chlor's policy that any discrepancy be reported to my boss, Mike Bugiada, and I know that it would be taken care of immediately.

13. It is Auto-Chlor's policy to compensate employees from the time they leave home, or wherever they are, until they return home during "on call" time. As far as I know, there is not any basis in fact to the claim in Plaintiff's complaint that this is not the policy. I am not aware of anyone ever not being compensated for their "on call" time from the time they left home until the time they returned thereto.

_____
KEN WILLIAMS

Sworn to before me this
25th day of October 2012.

_____
NOTARY PUBLIC

Kristin J. Kircheim
Notary Public, State of New York
No. 02KI6241500
Qualified in Nassau County
Commission Expires May 23, 20__