UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOSE HENRY GONZALEZ,
Individually and on behalf of all
others similarly situated,                                         **AFFIDAVIT**

                         Plaintiff,

                -against-                                         Case No. 12-CV-3465 (BMC)

AUTO-CHLOR SYSTEM OF NEW YORK
CITY, INC., et. al.,

                        Defendants.
-----------------------------------------------------------X
STATE OF NEW YORK)
                      SS.:
COUNTY OF QUEENS)

       NELSON PEREZ, being duly sworn, deposes and says:

       1.     I have worked for AUTO-CHLOR SYSTEM OF NEW YORK CITY, INC. (hereinafter "Auto-Chlor") for approximately 6 years, or since July, 2006. I worked at the Plainview branch until about six (6) weeks ago, now, I work out of the Queens branch.

       2.     When I began working for Auto-Chlor, my title was Route Driver. My duties as a Route Driver was to service customers, bring chemicals, clean the machine, service the machine and collect money for invoices. My current position at Auto-Chlor is Account Representative, a new position, and my job duties are going out and trying to get customers to rent our dishwashers.

3. The person who I reported to at Auto-Chlor when I first began was Paul Rivera, the branch manager in Plainview, and currently is Sam Villanueva (hereinafter "Sam"), the branch manager in Queens.

4. When I began working for Auto-Chlor, I was provided with at least 8 uniforms, which consist of a button down shirt and slacks that have the Auto-Chlor logo on them. I also was given tee shirts, hats and jackets.

5. Auto-Chlor offers for my uniforms to be cleaned weekly by a company called Aramark. If my uniform gets ratty or torn, Auto-Chlor replaces my uniform. I have never been charged for my uniform.

6. When I first started working for Auto-Chlor, I made 4% commission of dishwashing equipment, plus approximately 8% commission of hand sales, plus $6 or $7 per hour, plus time and a half for all hours worked over forty in one week. In or about 2007, my pay rate was changed to 10% hand sale commissions, plus $10 per hour, plus time and a half overtime. As an Account Representative, I am on protected salary for 90 days; thereafter, I am paid based on my commissions.

7. As far as benefits go, Auto-Chlor is very generous. In addition to my regular rate of pay, I also receive full medical benefits, paid sick time, holidays and vacation time. Not only that, but Auto-Chlor is allowing me participate in profit sharing.

8. When I was working for Auto-Chlor as a Route Driver, my regular shift was from 7:30 A.M. until 4:30 PM, with a half hour lunch break and two (2) fifteen (15) minute breaks each day, 5 days a week, or Monday through Friday. In addition to my regular shift, I was also required to work "on call" on a rotation, which resulted in me

working on call for one week out of approximately every 5-7 weeks or so depending on the number of employees there are.

9. When I was "on call", I was not required to be at work, but was allowed to do whatever I want so long as I was available a phone call away to respond to customer issues. When a customer reported an issue with their machine when I was "on call", I was notified and leave wherever I was to service the customer. I was compensated for my "on call" time by keeping time log of the time from when I left my house, or current location, until I returned home, or to my current location. At the end of my "on call" week, I reported my time by logging it in the "on call" log book, so that he included my time in that week's payroll.

10. For the entire time that I have worked for Auto-Chlor, it has always been company policy that "on call" time is compensated from the time we leave our house until the time we return home, and everyone knows that. Everyone also knows that the reporting of our "on call" time is based upon the "honor system" and that our boss relies upon us to accurately report our time. I have always been paid for the time I have reported to my boss and that time has always included my travel time from my home to the customer's location and my travel time from the customer's location back home.

11. I have been told that the plaintiff in this case is claiming that the "on call" time is reported from the time we arrive at the customer's location until the time we leave the customer's location. That simply is not true and has not been the policy of Auto-Chlor at least as long as I have been here.

12. If I ever had a problem with my paycheck, I know that it is Auto-Chlor's policy that any discrepancy be reported to my boss, Sam, and I know that it would be taken care of immediately.

13. As far as I know, there is not any basis in fact to the claim in Henry's complaint that it is not Auto-Chlor's policy to pay "on call" time from the time an employee left their house to the time they returned from their house. I am not aware of anyone ever not being compensated for their "on call" time from the time they left home until the time they returned thereto.

_____
NELSON PEREZ

Sworn to before me this
24th day of October 2012.

_____
NOTARY PUBLIC

Kristin J. Kircheim
Notary Public, State of New York
No. 02KI6241500
Qualified in Nassau County
Commission Expires May 23, 2015