UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOSE HENRY GONZALEZ,
Individually and on behalf of all
others similarly situated,                                      **AFFIDAVIT**

                              Plaintiff,

                 -against-                                       Case No. 12-CV-3465 (BMC)

AUTO-CHLOR SYSTEM OF NEW YORK
CITY, INC., et. al.,

                              Defendants.
-----------------------------------------------------------X
STATE OF NEW YORK)
                                   SS.:
COUNTY OF NASSAU)

          MARK BUGIADA, being duly sworn, deposes and says:

          1.     I have worked for AUTO-CHLOR SYSTEM OF NEW YORK CITY, INC.

(hereinafter "Auto-Chlor") for approximately 1 year and 3 months, or since July, 2011.

          2.     When I began working for Auto-Chlor, my title was Rebuilder.  My duties

as a Rebuilder was to rebuild the dishwashers in the warehouse.  My current position at

Auto-Chlor is Sales Service Representative/Route Driver and my job duties are to service

machines for current customers and to sell chemicals to current customers.

          3.     The person who I reported to at Auto-Chlor when I first began and

currently is Ron Lacey, the branch manager.

          4.     When I began working for Auto-Chlor, I was provided with 5 uniforms,

which consist of a button down shirt and slacks that have the Auto-Chlor logo on them.

My uniforms are cleaned weekly by a company called Aramark.  If my uniform gets ratty or torn, Auto-Chlor replaces my uniform.  I have never been charged for my uniform.

5.      When I first started working for Auto-Chlor, I made $15.00 per hour plus time and a half for all hours worked over forty in one week.  I currently make $11.50 per hour, plus commission, plus time and a half for overtime.

6.      As far as benefits go, Auto-Chlor is very generous.  In addition to my regular rate of pay, I also receive full medical benefits, paid sick time, holidays and vacation time.  Not only that, but Auto-Chlor makes a contribution into a 401(k) for me every year.

7.      When I first started working for Auto-Chlor, my regular shift was from 7:30 A.M. until 4:30PM, with a half hour break each day, 5 days a week, or Monday through Friday.  In addition to my regular shift, I was also required to work "on call" on a rotation, which resulted in me working on call for one week out of approximately every 6-8 weeks or so.

8.      I currently work from 7:30 A.M. until 4:30 PM, with a half hour lunch break each day, 5 days a week or Monday through Friday.  I still work "on call" on rotation, which results in me working "on call" for one week out of approximately every 6 weeks or so.

9.      When I am "on call", I am not required to be at work, but am allowed to do whatever I want so long as I am available a phone call away to respond to customer issues.  When a customer reports an issue with their machine when I am "on call", I am notified and leave wherever I am to service the customer.  I am compensated for my "on

call" time by keeping time log of the time from when I leave my house, or current location, until I return home, or to my current location. At the end of my "on call" week, I record my time in the "on call" book in our office so that it can be included in that week's payroll.

10.     For the entire time that I have worked for Auto-Chlor, it has always been company policy that "on call" time is compensated from the time we leave our house until the time we return home, and everyone knows that. Everyone also knows that the reporting of our "on call" time is based upon the "honor system" and that our boss relies upon us to accurately report our time. I have always been paid for the time I have reported to my boss and that time has always included my travel time from my home to the customer's location and my travel time from the customer's location back home.

11.     I have been told that the plaintiff in this case is claiming that the "on call" time is reported from the time we arrive at the customer's location until the time we leave the customer's location. That simply is not true and has not been the policy of Auto-Chlor at least as long as I have been here.

12.     If I ever had a problem with my paycheck, I know that it is Auto-Chlor's policy that any discrepancy be reported to my boss and I know that it would be taken care of immediately.

13.     When working "on call", it is Auto-Chlor's policy to compensate employees from the time they leave home, or wherever they are, until they return home. As far as I know, there is not any basis in fact to the claim in the Plaintiff's complaint that

this is not the policy.  I am not aware of anyone ever not being compensated for their "on

call" time from the time they left home until the time they returned thereto.

_____

MARK BUGIADA

Sworn to before me this
25th day of October 2012.

_____

NOTARY PUBLIC

Kristin J. Kircheim
Notary Public, State of New York
No. 02KI6241500
Qualified in Nassau County
Commission Expires May 23, 20__