UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

JOSE HENRY GONZALEZ,
Individually and on behalf of all
others similarly situated,                                         **AFFIDAVIT**

                Plaintiff,

        -against-                                         Case No. 12-CV-3465 (BMC)

AUTO-CHLOR SYSTEM OF NEW YORK
CITY, INC., et. al.,

                Defendants.

-------------------------------------------------------------X
STATE OF NEW YORK)
                SS.:
COUNTY OF QUEENS)

       SALVATORE SALERNO, being duly sworn, deposes and says:

       1.     I have worked for AUTO-CHLOR SYSTEM OF NEW YORK CITY, INC. (hereinafter "Auto-Chlor") for approximately 9 months, or since November, 2011.

       2.     When I began working for Auto-Chlor, my title was Installer. My duties as an Installer was the installation and removal of equipment, repairing and replacing machines and installing dispensers. My current position at Auto-Chlor is Installer and my job duties are installation and removal of equipment, repairing and replacing machines and installing dispensers.

       3.     The person who I reported to at Auto-Chlor when I first began and currently is Sam Villanueva (hereinafter "Sam").

4. When I began working for Auto-Chlor, I was provided with 10 uniforms, which consist of a shirt and slacks, and one jacket and hat that have the Auto-Chlor logo on them. My uniforms are cleaned weekly by a company called Aramark. If my uniform gets ratty or torn, Auto-Chlor replaces my uniform. I have never been charged for my uniform.

5. When I first started working for Auto-Chlor, I made $16.50 per hour plus time and a half for overtime and all "on call" time. I currently make $16.50 per hour plus time and a half for all hours worked over forty in one week.

6. As far as benefits go, Auto-Chlor is very generous. In addition to my regular rate of pay, I also am paid sick time, holidays and vacation time.

7. When I first started working for Auto-Chlor, my regular shift was from 8:00 A.M. until 5:00PM, with a one hour break each day, 5 days a week, or Monday through Friday. In addition to my regular shift, I was also required to work "on call" on a rotation, which resulted in me working on call for one week out of approximately every 6 weeks or so depending upon how many other people are working "on call".

8. I currently work from 8:00 A.M. until 5:00 P.M., with a half hour lunch break each day, 5 days a week or Monday through Friday. I still work "on call" on rotation, which results in me working "on call" for one day per week and one weekend approximately every 5 weeks or so. If I work on call for a weekend, I do not work my on call day that week.

9. When I am "on call", I am not required to be at work, but am allowed to do whatever I want so long as I am available a phone call away to respond to customer

issues. When a customer reports an issue with their machine when I am "on call", I am notified and leave wherever I am to service the customer. I am compensated for my "on call" time by keeping time log of the time from when I leave my house, or current location, until I return home, or to my current location. At the end of my "on call" shift, I report my time to my supervisor, Sam, by placing same in our log book, so that he can include my time in that week's payroll.

10. For the entire time that I have worked for Auto-Chlor, it has always been company policy that "on call" time is compensated from the time we leave our house until the time we return home, and everyone knows that. Everyone also knows that the reporting of our "on call" time is based upon the "honor system" and that our boss relies upon us to accurately report our time. I have always been paid for the time I have reported to my boss and that time has always included my travel time from my home to the customer's location and my travel time from the customer's location back home.

11. I have been told that the plaintiff in this case is claiming that the "on call" time is reported from the time we arrive at the customer's location until the time we leave the customer's location. That simply is not true and has not been the policy of Auto-Chlor at least as long as I have been here.

12. If I ever had a problem with my paycheck, which I have not, I know that it is Auto-Chlor's policy that any discrepancy be reported to my boss, Sam, and I know that it would be taken care of immediately.

13. As far as I know, there is not any basis in fact to the claim in Henry's complaint and this is not the policy. I also am not aware of anyone ever not being

compensated for their "on call" time from the time they left home until the time they returned thereto.

_____
SALVATORE SALERNO

Sworn to before me this
24th day of October 2012.

_____
NOTARY PUBLIC

Kristin J. Kircheim
Notary Public, State of New York
NO. 02KI6241500
Qualified in Nassau County
Commission Expires May 28, 2015