UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOSE HENRY GONZALEZ,
Individually and on behalf of all
others similarly situated,  **AFFIDAVIT**

                Plaintiff,

          -against-  Case No. 12-CV-3465 (BMC)

AUTO-CHLOR SYSTEM OF NEW YORK
CITY, INC., et. al.,

               Defendants.
-----------------------------------------------------------------X
STATE OF NEW YORK)
               SS.:
COUNTY OF QUEENS)

    ANDRES GARCIA, being duly sworn, deposes and says:

    1.    I have worked for AUTO-CHLOR SYSTEM OF NEW YORK CITY, INC. (hereinafter "Auto-Chlor") for just under 2 years, or since January, 2011.

    2.    When I began working for Auto-Chlor, my title was Route Driver. My duties as a Route Driver was to check and repair machines and deliver whatever chemicals are needed by the customer. My current position at Auto-Chlor is Route Driver.

    3.    The person who I reported to at Auto-Chlor when I first began and currently is Sam Villanueva (hereinafter "Sam").

    4.    When I began working for Auto-Chlor, I was provided with 6 uniforms, which consist of a button down shirt and slacks that have the Auto-Chlor logo on them. My uniforms are cleaned weekly by a company called Aramark. If my uniform gets ratty

or torn, Auto-Chlor repairs my uniform through Aramark. I have never been charged for my uniform.

5. When I first started working for Auto-Chlor, I made $20.00 per hour plus time and a half for overtime. After my training period, my hourly rate was decreased to $13.00 per hour, plus commission. I did not begin working "on call" until roughly 5 or 6 months after I began working for Auto-Chlor. I currently make $14.50 per hour, plus commission, plus time and a half for all hours worked over forty in one week.

6. In addition to my regular rate of pay, I also receive full medical benefits, paid holidays and vacation time. Not only that, but Auto-Chlor allows me participate in profit sharing.

7. As a driver, I do not necessarily have a "regular shift". I report to work at 8:00A.M. and leave whenever my work is done, Monday through Friday. It is my understanding that I am paid overtime for any hours I work in excess of 40 hours per week. In addition to my regular shift, when I began working at Auto-Chlor, I was also required to work "on call" on a rotation, which resulted in me working "on call" for one week out of approximately every 5-8 weeks or so, depending on the number of employees on staff. I still work "on call" on rotation, which usually results in me working "on call" for one day per week and one weekend approximately every 5-8 weeks or so, depending how many employees are on staff.

8. When I am "on call", I am not required to be at work, but am allowed to do whatever I want so long as I am available a phone call away to respond to customer issues. When a customer reports an issue with their machine when I am "on call", I am

call" time by keeping time log of the time from when I leave my house, or current location, until I return home, or to my current location. At the end of my "on call" time, I report my time to my supervisor, Sam, so that he include my time in that week's payroll.

      9.      For the entire time that I have worked for Auto-Chlor, it has always been company policy that "on call" time is compensated from the time we leave our house until the time we return home. The reporting of our "on call" time is based upon the "honor system" and that our boss relies upon us to accurately report our time.

      10.      I have been told that the plaintiff in this case is claiming that the "on call" time is reported from the time we arrive at the customer's location until the time we leave the customer's location. That simply is not true and has not been the policy of Auto-Chlor at least as long as I have been here.

                                                          ANDRES GARCIA

Sworn to before me this
24th day of October 2012.

            NOTARY PUBLIC

Kristin J. Kirchheim
Notary Public, State of New York
No. 02KI6241500
Qualified in Nassau County
Commission Expires May 23, 2015