**BRONSON LIPSKY** LLP
ATTORNEYS AT LAW

Douglas B. Lipsky

630 Third Avenue, Fifth Floor
New York, New York 10017
Main: 212.392.4472
Direct: 212.444.1024
Fax: 212.444.1030
dl@bronsonlipsky.com

www.bronsonlipsky.com

December 18, 2012

<u>VIA ECF</u>
The Honorable Brian M. Cogan, U.S.D.J.
U.S. District Court Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    Gonzalez v. Auto-Chlor System of New York City, Inc.,
              1:12-CV-3465 (BMC)

Dear Judge Cogan:

      The parties submit this joint letter pursuant to the Court's December 18, 2012 Order to explain the underlying rationale for the December 18, 2012 Stipulation of Dismissal (Doc. No. 20). For the reasons set forth in this letter, the parties respectfully submit the Court should approve the Stipulation of Dismissal.

      It is the Plaintiff's position that the Plaintiff Gonzalez brought the suit in good faith on behalf of himself and all others similarly situated against Defendant Auto-Chlor System of New York City, Inc. ("Auto-Chlor") believing that Auto-Chlor failed to compensate him and the putative class members for each hour that they worked while on-call and owed them the cost for cleaning and maintaining their required uniforms. Before discovery officially commenced, on November 16, 2012, Plaintiff Gonzalez filed his motion to conditionally certify this matter as a collective action and for a Court-authorized notice to be issued under 29 U.S.C. § 216(b) (the "Motion"). (Doc. Nos. 12-16). In support of his motion, Plaintiff Gonzalez submitted and relied upon three sworn statements: his (Doc. No. 13), Paul Argento's (Doc. No. 14), and Richard Keating's (Doc. No. 15).

      Between the filing of Plaintiff's Motion and Auto-Chlor filing its December 8, 2012 Opposition to the Motion (Doc. Nos. 17-18) (the "Opposition"), Auto-Chlor provided Plaintiff Gonzalez with a sampling of the putative class members' time and wage records, which showed that they were paid hour-for-hour for their on-call time. As part of this exchange, Auto-Chlor disclosed details of its pay practices that ultimately led Plaintiff Gonzalez to believe in good faith he was not fully compensated for his on-call hours: (1) Auto-Chlor payroll calendar is based off of their service calendar, not the

**BRONSON LIPSKY** LLP
ATTORNEYS AT LAW

The Honorable Brian M. Cogan, U.S.D.J.
December 18, 2012
Page 2 of 2

standard Monday to Sunday calendar; and (2) if employees did not submit their on-call time sheets by the required deadline, their on-call time was reflected on the payroll for the following pay period on the corresponding day of the week. In its opposition, Auto-Chlor submitted substantial evidence, including several sworn statements, on several issues concerning the Motion: a detailed description of its payroll practices; a detailed analysis that no policy or practice exists, companywide or otherwise, not to pay the class members for their on-call time in full; that Auto-Chlor's policy is to pay their class members in full for their on-call time; and Auto-Chlor challenged the credibility of certain aspects of the sworn statements Plaintiff Gonzalez submitted with his Motion.

Upon reviewing and analyzing Auto-Chlor's Opposition, Plaintiff Gonzalez recognized and understood that he was not owed any amount for his on-call time for the two reasons stated above and that not company-wide policy existed not to pay the class members their on-call time. He accordingly voluntarily withdrew his Motion on December 14, 2012 (Doc. No. 19). It is also for this reason that he seeks to voluntarily withdraw this suit. Recognizing Plaintiff Gonzalez's timely and appropriate decision to withdraw his Motion and this suit upon being presented with its Opposition, Defendant Auto-Chlor agrees that this matter should be dismissed without fees or costs to either party.

The parties appreciate the Court's consideration of this letter and are available to answer any questions that the Court may have.

| | |
|---|---|
| Dated: New York, New York<br>December 18, 2012 | Dated: Garden City, New York<br>December 18, 2012 |
| Respectfully submitted, | Respectfully submitted, |
| BRONSON LIPSKY LLP | WEINSTEIN, KAPLAN & COHEN, P.C. |
| By: s/ Douglas B. Lipsky<br>Douglas B. Lipsky<br>Bronson Lipsky LLP<br>630 Third Avenue, Fifth Floor<br>New York, New York 10112<br>Phone: 212.392.4772<br>dl@bronsonlipsky.com | By: /s/Danielé D. De Voe<br>Danielé D. De Voe<br>Weinstein, Kaplan & Cohen, P.C.<br>1325 Franklin Avenue, Suite 210<br>Garden City, New York 11520<br>Phone: 516.877.2525<br>ddd@wkc-law.com |
| Jeffrey M. Gottlieb<br>Dana L. Gottlieb<br>Gottlieb & Associates<br>150 East 18th Street, Suite PHR<br>New York, New York 10003<br>*Attorneys for Plaintiff* | *Attorneys for Defendants* |